## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

ELISTON GEORGE,                                )
                                               )
                        **Plaintiff,**         )
            **v.**                             )
                                               )    **Civil Action No. 2013-0047**
JULIUS WILSON, BASIL RICHARDS, and             )
SHELLY DEWESE,                                 )
                                               )
                        **Defendants.**        )
_____    )

**Attorneys:**
**Eliston George,** *pro se*

**Erika M. Scott, Esq.,**
St. Croix, U.S.V.I.
        *For Defendants*

## <u>ORDER</u>

THIS MATTER comes before the Court on Plaintiff's "Motion to Supplement Pleadings," which was filed on March 18, 2016. (Dkt. No. 15). In the Motion, Plaintiff seeks to supplement his Complaint pursuant to Rules 15(d) and 18(a) of the Federal Rules of Civil Procedure. (*Id*.). The time period for filing a response has expired without a response from Defendants. *See* LCRI 7.1(e) ("A party shall file a response within fourteen (14) days after service of the motion.").[1] For the reasons discussed below, the Court will grant Plaintiff's Motion.

## I.     BACKGROUND

Plaintiff Eliston George ("Plaintiff") filed the instant *pro se* action under 42 U.S.C. § 1983 against Defendants Julius Wilson, former Director of the Virgin Islands Bureau of Corrections, Basil Richards, former Warden of the Golden Grove Adult Corrections Facility ("Golden Grove"),

---

[1] According to the Certificate of Service that accompanied Plaintiff's Motion, a copy of Plaintiff's Motion was mailed to counsel for Defendants on March 14, 2016. (Dkt. No. 15 at 6).

and Shelley Dewese, the Grievance Coordinator at Golden Grove, in their official and individual capacities. (*See* Dkt. No. 1). In his Complaint, Plaintiff alleges that he does not have access to the Virgin Islands Code, Digest, and Reports; Defendants have not adequately addressed his grievances; and his transfer to Keen Mountain Correctional Center in Virginia violates the Compact Clause of the United States Constitution. (*See id*.). Defendants have moved to dismiss Plaintiff's Complaint. (Dkt. Nos. 9, 10).

## II.      DISCUSSION

### A.  Applicable Legal Principles

Rule 15(d), which "provides for supplemental pleadings while the matter is still pending in the District Court so as to permit the parties to bring the controversy up to date," *Brill v. General Industrial Enterprises, Inc.*, 234 F.2d 465, 470 (3d Cir. 1956), states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

FED. R. CIV. P. 15(d). Generally, courts grant motions to file a supplemental pleading when the supplemental pleading does not prejudice the opposing party. *See, e.g.*, *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) ("Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading.").

Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." FED. R. CIV. P. 18(a). The Advisory Committee Notes to the 1996 amendment to Rule 18(a) state that "Rule 18(a) has permitted a party to plead multiple claims of all types against an opposing party, subject to the court's power to direct an appropriate procedure for trying the

claims." FED. R. CIV. P. 18(a) advisory committee's note to 1996 amendment (citing FED. R. CIV. P. 42(b), 20(b), 21). Thus, joinder of "completely unrelated claims" is permitted under Rule 18(a). *Gerardi v. Pelullo*, 16 F.3d 1363, 1372 n.16 (3d Cir. 1994).

### B. Analysis

In his Supplemental Pleading, Plaintiff alleges that "[o]n January 8, 2016, [he,] for the second consecutive time[,] requested access to specific legal material, namely Virgin Islands Primary Law consisting of (1) Virgin Islands Code Annotated; (2) Virgin Islands Sessions Law; (3) Virgin Islands Judicial Decisions; and (4) Virgin Islands Court Rules Annotated available to Virgin Islands inmates via Lexis Nexis compact disk." (Dkt. No. 15 at 1-2). In response to his request, Plaintiff states that the "Virginia Department of Corrections, Institutional Program Manager, Ms. Taylor" informed him that the compact disk "is no longer compatible with [the] Virginia DOC Law Library." (*Id.* at 2). He also states that "Ms. Taylor forwarded [his request] to [D]efendant Shelley Dewese on February 5, 2016." (*Id.*). Plaintiff contends that more than thirty days have passed since his request was brought to the attention of Defendants, and that there has been no response. (*Id.*).

Plaintiff also correctly asserts in his Supplemental Pleading that "Rick Mullgrav is the current Director of the Virgin Islands Bureau of Corrections" and "Mildred Trotter[] is the current Warden of [the] Golden Grove Correctional Facility." (*Id.* at 2-3). Plaintiff has amended the caption of this case accordingly. (*See id.* at 1).

Because Plaintiff's Supplemental Pleading sets forth events that have happened since his original Complaint was filed on April 30, 2013 (*see* Dkt. No. 1) and brings the case up to date by naming the proper Defendants, the Court finds that Plaintiff has appropriately sought leave to supplement pursuant to Rule 15(d). The Court does not find, however, that Plaintiff has asserted

an "independent or alternative" claim pursuant to Rule 18(a). In his original Complaint, Plaintiff alleged that he did not have access to the Virgin Islands Code, Digest, and Reports. (*See id.* at 6). Plaintiff's claim regarding his alleged lack of access to the Lexis Nexis compact disk in his Supplemental Pleading is therefore related to the allegations contained in his original Complaint.

In the same vein, the facts alleged in the original Complaint placed Defendants on notice of Plaintiff's claims regarding his access to Virgin Islands legal materials. Therefore, the Court finds that Defendants will suffer no prejudice if Plaintiff is granted leave to file his Supplemental Pleading. Accordingly, the Court will grant Plaintiff's instant Motion under Rule 15(d), and require Defendants to file a responsive pleading to Plaintiff's Supplemental Pleading within two weeks of the date of this Order.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's "Motion to Supplement Pleadings" is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Supplemental Pleading (Dkt. No. 15) is **ACCEPTED**; and it is further

**ORDERED** that Defendants shall file a responsive pleading to Plaintiff's Supplemental Pleading by **May 9, 2016**.

**SO ORDERED**.

Date: April 25, 2016        _____/s/_____
                              WILMA A. LEWIS
                              Chief Judge