**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ELISTON F. GEORGE,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**RICK MULLGRAV,** Director of the Virgin Islands Bureau of Corrections; **MILDRED TROTTER,** Warden of the Golden Grove Adult Correctional Facility; and **SHELLY DEWESE,** Program Manager, Golden Grove Adult Correctional Facility, in their official and individual capacities,<br><br>　　　　　**Defendants.**<br>_____ | 1:13-cv-00047 |

**TO:**　　Eliston F. George, *Pro Se*
　　　　　Keen Mountain Correctional Center
　　　　　P.O. Box 860
　　　　　Oakwood, VA  24631
　　　　　Erika Marie Scott, Esq., AAG

**AMENDED REPORT AND RECOMMENDATION**

　　　　THIS MATTER is before the Court upon the Order (ECF No. 29) of Chief Judge Wilma A. Lewis in Civil No. 13-00047 referring Plaintiff Eliston George's Motion for Summary Judgment, Motion for Preliminary Injunction, and Motion for Default Judgment (ECF Nos.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 2

13, 14, 24) and Defendant Shelly Dewese's[1] Motion to Dismiss (ECF No. 9) and Defendants' Motion to Dismiss (ECF No. 25) for a report and recommendation.

## 1. Relevant Procedural Background

On April 30, 2013, Plaintiff Eliston George (George) filed a complaint in District Court alleging causes of action under 42 U.S.C. § 1983.[2] (ECF No. 1). Simultaneously, George filed an application to proceed *in forma pauperis*. (ECF No. 3). On September 9, 2013, the Court granted George *in forma pauperis* status and ordered service upon Julius Wilson, Basil Richards, and Shelly Dewese. (ECF No. 6).

On March 7, 2014, Defendant Shelly Dewese (Dewese), the only defendant at that time to have received service, filed a Motion to Dismiss. (ECF Nos. 9, 10). George's Motion for Summary Judgment (ECF No. 13) followed on August 1, 2014 and his Motion for Preliminary Injunction (ECF No. 14) was filed on October 26, 2015.

On April 25, 2016, the District Court granted George leave to supplement his pleadings to bring the case up to date, including updating the names of the defendants upon whom the Court ordered service. (ECF No. 16). Rick Mullgrav (Mullgrav) was served on May 4, 2016. (ECF No. 20). Summons was returned unexecuted as to Mildred Trotter on May 10, 2016. (ECF No. 22).

---

[1] The pleadings contain various spellings of Shelly Dewese's name. For this report and recommendation the Court adopts the spelling as it appears in Defendant Shelly Dewese's Motion to Dismiss. (ECF No. 9).
[2] Citations to United States Code and Virgin Islands Code are to the electronic versions that appear in Lexis.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 3

On November 21, 2016, George filed a Motion for Default Judgment. (ECF No. 24). On the same day, Mullgrav and Dewese filed a Motion to Dismiss, (ECF Nos. 25, 26), to which George filed an opposition on December 12, 2016. (ECF No. 27).

On February 21, 2018, Chief Judge Wilma A. Lewis referred George's Motion for Summary Judgment, Motion for Preliminary Injunction, and Motion for Default Judgment (ECF Nos. 13, 14, 24), Defendant Shelly Dewese's Motion to Dismiss (ECF No. 9), and Defendants' Motion to Dismiss (ECF No. 25) for a report and recommendation.

## 2. Defendants

George's original complaint named Julius Wilson, Director of the Virgin Islands Bureau of Corrections; Basil Richards, Warden, Golden Grove Adult Correctional Facility; and Shelly Dewese, Classification / Grievance Coordinator, Golden Grove Adult Correctional Facility. (ECF No. 1). Following the acceptance of George's supplemental pleadings and as of the date of this report and recommendation, the named defendants are Rick Mullgrav, Director of the Virgin Islands Bureau of Corrections; Mildred Trotter, Warden, Golden Grove Adult Correctional Facility; and Shelly Dewese, Program Manager, Golden Grove Adult Correctional Facility.

## 3. Pleadings: Access to Courts

George claims that he has been denied his constitutional right of access to the courts because the Virgin Islands Code, Virgin Islands Reports, and Virgin Islands Digest, "the specific legal material necessary" to file meritorious lawsuits, have not been provided to

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 4

the Virginia Department of Corrections (VDOC). Specifically, the materials have not been timely provided to Keen Mountain Correctional Center (Keen Mountain), as required by the Correctional Services Contract (Contract).[3] (ECF No. 1) at 6. The Contract provides, in pertinent parts:

> The VDOC shall faithfully execute the sentences and orders of the committing courts, and shall provide the same access to the courts as is provided for similarly situated inmates of the VDOC, except that, to the extent that a VDOC institution, in which a Virgin Island Inmate is incarcerated, does not have all necessary legal research material pertaining to the Virgin Islands and the federal courts within the Third Circuit, VIDJ [Virgin Islands Department of Justice] shall be responsible for providing such material.

Contract, Article 2, Description of Services, Section 2.1 (ECF No. 10-1) at 3-4.

> To the extent that a VDOC institution, in which a Virgin Island Inmate is incarcerated, does not have all necessary legal research material pertaining to the Virgin Islands and the federal courts within the Third Circuit, VIDJ shall establish appropriate policies and take appropriate action to make such material available to the subject Virgin Island Inmate or Inmates and VDOC shall have no responsibility for providing such material.

Contract, Article 14, Legal Materials, Section 14.1 (ECF No. 10-1) at 17.

George states that on March 19, 2013, he "filed and mailed a regular grievance via certified mail" to Shelly Dewese. The grievance notified Dewese that the library at Keen Mountain did not have access to Virgin Islands Code, Reports, and Digest. Receiving no response to his grievance, George filed a complaint with the District Court on April 30, 2013. (ECF No. 1) at 3. By motion to dismiss filed March 7, 2014, Dewese responded that

---

[3] Correctional Services Contract between The United States Virgin Islands, Department of Justice and the Commonwealth of Virginia, Department of Corrections, dated March 4, 2001. (ECF No. 10-1).

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 5

the issue was moot because on February 10, 2014, "all requested and required Virgin Islands law was mailed to the Warden at Keen Mountain." (ECF No. 10) at 6. In supplemental pleading filed March 18, 2016, George states that on January 8, 2016, he again "requested access to specific legal material, namely Virgin Islands Primary Law" from the VDOC law library. (ECF No. 15) at 1-2. George states that VDOC responded, informing him that the disk provided in 2014 was "no longer compatible with Virginia DOC Law Library." *Id*. By attached exhibit, George shows that VDOC forwarded this information to Dewese on February 5, 2016. (ECF No. 15-1). George states further that as of March 18, 2016, he had received no response and the Virgin Islands legal research materials had not been provided. (ECF No. 15) at 2. By motion to dismiss, Defendants Dewese and Mullgrav again respond that this issue is moot because "on July 8, 2016, all requested and required Virgin Islands legal materials were mailed to KMCC." (ECF No. 26) at 5.

### 4. Pleadings: Housing Consistent with Classification

George states that he is a security level three inmate being housed in a security level four prison. He states further that the Contract provides that Virgin Islands inmates will be treated as similarly situated VDOC inmates. The Contract provides, in pertinent parts:

> Article 2
> Description of Services
> Section 2.1. . . . The VDOC shall provide care, incarceration and access to services to Virgin Islands Inmates on the same basis as a similarly situated inmate of the VDOC pursuant to Virginia Laws.
>
> Article 4
> Cost and Reimbursement

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 6

> Section 4.2. . . . Services to be provided for the above Per Diem Base Rate includes the use of fifteen prison bed at Facilities, which the VDOC in its discretion determines to be appropriate for the individual Virgin Islands Inmates.
>
> Article 5
> Transportation of Virgin Islands Inmates and Property
> Section 5.6. . . . Any Virgin Islands Inmate may, at the discretion of VDOC, be transferred to any Facility under the control of the VDOC. Such transfers will be effected by officers of the VDOC and at the expense of the VDOC.
>
> Article 6
> Classification and Inmate Records
> Section 6.3. . . . Virgin Islands Inmates placed pursuant to this Contract may not be reduced or increased in custody classification without approval of the VIDJ, unless the VIDJ shall delegate to the VDOC final authority for reclassification.
>
> Article 9
> Employment, Programs, and Treatment Services
> Section 9.2. . . . Upon reception into the VDOC, each Inmate will be classified in accordance with VDOC's inmate classification system. Upon placement in an appropriate Facility, each Inmate's counselor will develop a treatment plan that will identify the Inmate's primary and secondary programming needs. . . . The Inmate's progress in meeting the treatment plan objectives will be evaluated and documented annually by counselors on a written progress report.

Contract (ECF No. 10-1) at 3, 5-6, 9, 10, 14.

George states further that a response to a grievance he filed with VDOC shows that Keen Mountain is prevented from transferring Virgin Islands inmates by virtue of an agreement not contemplated in the contract for services nor in the compact between the State of Virginia and the Territory of the Virgin Islands. *See* (ECF No. 5-1).

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 7

Defendants respond that George's "transfer was proper under the ICC as authorized by Title 5 V.I.C. § 4503 and 4 U.S.C. § 112 and the Correctional Services Contract." (ECF No. 10) at 5 and (ECF No. 26) at 5. Defendants state also that "Section 5.6 of the Correctional Service Contract states that a Virgin Islands inmate can be transferred to any prison in Virginia at the discretion of the Virginia Department of Corrections." (ECF No. 10) at 6 and (ECF No. 26) at 6.

George replies that he is not contesting his transfer. He states that his constitutional claim arises from disparate treatment in that he is supposed to be treated as a similarly situated VDOC prisoner. VDOC prisoners are entitled to an annual review and treatment plan that sets forth their educational activities, programs, privileges, and housing consistent with their security classification. (ECF No. 13-1). Through this process, VDOC prisoners are granted the opportunity to be considered for transfer to a facility consistent with their security classification. George avers that the separate agreement, referred to in ECF No. 5-1, obviates that opportunity for him (and other Virgin Islands prisoners). George states further that the separate agreement referenced in the response to the grievance he filed with VDOC, is not an aspect of the original contract for services and interstate compact and it is for that reason that the separate agreement violates the Compact Clause. (ECF No. 13-1) at 2 and (ECF No. 27) at 1. George avers that Section 5.6 of the contract is contradicted by VDOC's response to his grievance. Section 5.6 provides: "Any Virgin Islands Inmate may, at the discretion of VDOC, be transferred to any Facility under the control of

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 8

the VDOC. Such transfers will be effected by officers of the VDOC and at the expense of the VDOC." Contract, Article 5, Transportation of Virgin Islands Inmates and Property, Section 5.6 (ECF No. 10-1) at 9. Virginia DOC's response to George's grievance states that pursuant to an agreement between VDOC's Central Classification Services and Virgin Islands officials, Virgin Islands prisoners can only be housed at Wallens Ridge State Prison (Security Level 5), Red Onion State Prison (Maximum Security), and Keen Mountain (Security Level 4).[4] (ECF No. 5-1).

### 5. Parties: Defendant Trotter

George's pleadings name Mildred Trotter, Warden of Golden Grove Adult Correctional Facility, as a defendant in her individual and official capacity. Because Defendant Trotter has not been served in this action, the Court would typically recommend dismissal without prejudice. However, the Court's review of the pleadings did not find a causal connection between Mildred Trotter, the alleged acts and omissions, and Plaintiff George. Therefore, the Court will recommend that all claims against Mildred Trotter be dismissed.

### 6. Parties: Defendants Mullgrav and Dewese

Rick Mullgrav, Director of the Virgin Islands Bureau of Corrections, and Shelly Dewese, Program Manager, Golden Grove Adult Correctional Facility are named as

---

[4] Security levels found at https://vadoc.virginia.gov/facilities/security-levels.shtm. Accessed March 13, 2018.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 9

Defendants in their individual and official capacities. George seeks injunctive and monetary relief from these defendants. Recommendations regarding these defendants follow.

**7. Claims: Access to Courts—Official Capacity**

"[A] plaintiff may sue an officer in his official capacity for prospective relief only from unconstitutional state policies, customs, or practices." *Martinez v. Francois*, 2014 U.S. Dist. LEXIS 182899 at *27 (D.V.I. July 3, 2014) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989); *Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011); *Lockhart v. Matthew*, 203 F. Supp. 2d 403, 415 (D.V.I. 2002)). Here, George seeks prospective relief in the form of an injunction that requires the Defendants to timely respond to requests for Virgin Islands legal materials or in the alternative to provide the materials in accordance with the Contract.

To state a claim for prospective relief George must allege that Mullgrav and Dewese, as territorial officials, "took some action pursuant to a policy, custom or practice of the territorial agency that resulted in the deprivation of [his] constitutionally-protected rights." *Martinez*, 2014 U.S. Dist. LEXIS 182899 at *27 (citing *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991)). Here, George alleges that Dewese failed to take action to secure his constitutionally protected right of access to the courts when she twice failed to timely supply Virgin Islands laws materials to the VDOC law library. George shows that both he and VDOC contacted Dewese requesting the materials, that these requests were ignored, and that each time Dewese only supplied the materials after being served with a lawsuit.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 10

George alleges that as Director of the Virgin Islands Bureau of Corrections, Mullgrav knew or should have known that inmates have a constitutionally protected right of access to the courts and that Mullgrav knew or should have known that by contract, there was an affirmative duty to provide materials specific to Virgin Islands law to the VDOC. The failure to respond to George's grievance and VDOC's request, but for the filing of pleadings with the District Court, while a waste of court resources, does not establish a policy, custom or practice that is so "permanent and well settled as to qualify as a 'custom or usage' with the force of law." *Martinez*, 2014 U.S. Dist. LEXIS 182899 at *27. Accordingly, the Court will recommend that George's claim, denial of access to the courts, against Mullgrav and Dewese in their official capacities, be dismissed.

**8. Claims: Access to Courts—Personal Capacity**

"[S]tate officials sued in their individual capacities are 'persons' for purposes of § 1983." *Hafer v. Melo*, 502 U.S. 21, 23 (1991). "[T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *Ky. v. Graham*, 473 U.S. 159, 166 (1985) (italics in original). "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980)).

As recited above, George alleges that both he and the VDOC submitted requests to Dewese for the Virgin Islands legal materials and those requests were ignored. George

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 11

further alleges that he was prevented from prosecuting legitimate claims because he did not have access to the materials that are necessary to prepare pleadings. Without access to Virgin Islands laws, he claims, he cannot know if a "colorable claim exists, and if so, what facts are necessary to state a 'cause of action.'" (ECF No. 1) at 7.

The pleadings clearly show Dewese's personal involvement in George's claim that he was denied access to the courts. His pleadings do not allege facts that show Mullgrav's personal involvement. The court will recommend that George's claim, denial of access to the courts, proceed against Dewese in personal capacity. As against Mullgrav in personal capacity the court will recommend that the claim be dismissed.

Finally, Dewese asserts but is not entitled to qualified immunity. A reasonable person in her position, grievance coordinator or program manager at a prison, should know that prisoners have a constitutional right to access to the courts. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) ("qualified immunity would be defeated if an official *knew or reasonably should have known* that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff]") (italics in original, internal quotations omitted). Dewese twice denied George the required legal materials by her failure to respond. The qualified immunity doctrine "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Rowe v. Romano*, 940 F. Supp. 798, 802 (E.D. Pa. September 23, 1996) (citing *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995)). The first time Dewese failed to

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 12

send the legal materials may have been a mistake. The cause of the second time is a question for a trier of fact.

### 9. Claims: Equal Protection and Compact Clause

George alleges that according to the Contract, he is to be treated the same way as any similarly situated VDOC prisoner but the presence of a separate agreement prevents this. Defendants point out that George does not have a constitutional right to be housed in a particular prison. George is not challenging his transfer nor is he demanding to be housed in a particular prison. He alleges that he is entitled to be treated as a similarly situated VDOC prisoner. Accordingly, whether George's equal protection rights have been violated, and whether the existence of a separate agreement violates the compact clause present genuine issues of material fact.

As shown above, it is clear that Dewese had no involvement in the events related to George's equal protection and compact clause claims. The extent to which Mullgrav may be liable is less clear. The contract to which the pleadings refer, and which was attached to defendants' memorandums to their motions to dismiss, was negotiated in 2001. It was signed by Virgin Islands Attorney General Iver A. Stridiron and approved by Governor Charles W. Turnbull. (ECF Nos. 10-1 and 26-3). No subsequent addenda were provided to the Court. The record does not contain the separate agreement referred to in VDOC's response to George's grievance. Whether absent the separate agreement VDOC would transfer George to a security level three prison is unknown. These unknowns

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 13

notwithstanding, the statutes cited by the defendants place responsibility for Virgin Islands prisoners, including housing and contracts, with the Director of the Bureau of Corrections. *See, e.g.,* 5 V.I.C. § 4503. Therefore the Court will recommend that George's equal protection and compact clause claims against Rick Mullgrav in his official and personal capacity proceed.

**10. Defendants' Motions to Dismiss**

Defendants aver that George's complaint should be dismissed because the Governor has not been served. (ECF Nos. 10, 26). "It is well-settled that 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.'" *Thomas v. Bonanno*, 2013 U.S. Dist. LEXIS 106214 at *24 (D.V.I. July 30, 2013) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The only means of serving the Virgin Islands government, or any agency thereof, is to serve the Governor. *Thomas*, 2013 U.S. Dist. LEXIS 106214 at *24. Here, the record shows that the Governor has not been served. However, the Virgin Islands Attorney General, through an assistant attorney general, has filed pleadings in this action indicating that the government has received notice of the action.[5] The record also shows that the time for service has expired.

Regarding timeliness of service, the Federal Rules of Civil Procedure provide in pertinent part:

---

[5] *See* CM/ECF 1:13-cv-00047: Erika Marie Scott, Department of Justice, *Lead Attorney, Attorney to be Noticed.*

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 14

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The court may within its discretion extend the time for service even absent a showing of good cause. *Christopher v. Dir. of V.I. Bureau of Internal Revenue,* 2014 U.S. Dist. LEXIS 103120 at 9 (D.V.I. July 29, 2014). In determining whether to extend time for service courts may consider, among other things, whether a Plaintiff is proceeding *pro se*, whether dismissal will bar the action due to statute of limitations, or if the defendant is evading service. *Id*.

Because the Court cannot state with absolute certainty that the Third Circuit will not dismiss an action for failure to serve the Governor when the Attorney General has received notice, and out of an abundance of caution, the Court will recommend that George be granted additional time to execute service of process upon the Governor. *See, e.g. Dutch W. Indian Trading Co. v. Gov't of the V.I.*, 2014 V.I. LEXIS 66 (Sup. Ct. V.I. August 26, 2014) ("[d]espite the fact the Government may have been put on notice of the commencement of this case, a plaintiff is required to serve a defendant in accordance with the rules of procedure" which, even though the attorney general had been served, included serving the Governor).

"Dismissal is appropriate if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Harper v. Tritt*, 2018 U.S. App. LEXIS 5159 at *2

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 15

(3d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "When considering a motion to dismiss, we must accept all allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the nonmovant." *Id.* (citing *Foglia v. Renal Ventures Mgmt.*, LLC, 754 F.3d 153, 154 n.1 (3d Cir. 2014). The allegations in George's complaint regarding his equal protection and contract clause claims as discussed above raise an inference of impermissible conduct and a novel question of law that precludes granting a motion to dismiss and may warrant further discovery. With respect to George's allegation that he was denied access to the courts, he has alleged violation of a right secured by the Constitution, shown that the alleged deprivation was committed by a person acting under color of state law, and claimed actual injury as a result of the deprivation. *See Gumbs v. Penn*, 2017 U.S. Dist. LEXIS 42916 at *6 (D.V.I. March 24, 2017); *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988). His claim of actual injury stems from his statement that because he was barred access to Virgin Islands law, he was unable to pursue an action to compel the prison to provide needed medical care. *See Harper v. Tritt*, 2018 U.S. App. LEXIS 5159 at * 5 (3d Cir. 2018) (Plaintiff must allege "that his efforts to pursue a legal claim were hindered and he suffered an actual injury"). Consistent with the findings above, the Court will recommend that Defendants' motions to dismiss be granted in part and denied in part.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 16

**11. Plaintiff's Motion for Summary Judgment**

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). George's motion for summary judgment appears to be a response to Dewese's motion to dismiss rather than a motion for summary judgment. Nonetheless, as has been shown above, summary judgment is not appropriate in this action. Therefore, the Court will recommend that George's motion for summary judgment be denied.

**12. Plaintiff's Motion for Preliminary Injunction**

George's motion requests that the Virgin Islands not prevent VDOC from transferring him to a security level three facility. Defendants did not oppose this motion nor have they presented any reason or rationale why George could not or should not be transferred to a facility consistent with his security classification. Defendants' memorandums in support of their motions to dismiss state that "Plaintiff's Transfer to WRSP Did Not Violate Any Federal or Statutory Laws" and that "[t]here is no constitutional right to be housed in a prison of Plaintiff's choice." (ECF No. 10) at 5-6 and (ECF No. 26) at 5.[6] George is not contesting his transfer to Keen Mountain, nor does he demand to be transferred to a prison of his choice. He is merely asking that if VDOC wishes to or is willing to transfer him, that the Virgin Islands not prevent the transfer. George is also not asking

---

[6] "WRSP" was changed to (corrected to) "KMCC" in defendants' second memorandum in support of their second motion to dismiss (ECF No. 26).

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 17

for a change to his security classification. He states that he was transferred from Golden Grove to Keen Mountain as a security level three inmate. George also avers that transfer within and between VDOC facilities is to be at the discretion of VDOC and that this discretion is expressed in the Contract. On this point Defendants agree, stating that "Section 5.6 of the Correctional Service Contract states that a Virgin Islands inmate can be transferred to any prison in Virginia at the discretion of the Virginia Department of Corrections." (ECF No. 10) at 6 and (ECF No. 26) at 6. This is the crux of the issue: the Virgin Islands seems to be saying that VDOC has discretion to transfer Virgin Islands inmates to any prison in Virginia—the VDOC states clearly that "an agreement between CCS (Central Classification Services) and Virgin Island officials" prevents them from transferring George to any facility other than Keen Mountain, Wallens Ridge, or Red Onion. (ECF No. 5-1).

"[T]he purpose of the preliminary injunction is to preserve the status quo between the parties pending a final determination of the merits of the action." *Llanos v. Davis Beach Co.*, 1991 U.S. Dist. LEXIS 12421 at *11 (D.V.I. August 26, 1991) (quoting J. Moore, 7--Pt.2 Moore's Federal Practice para. 65.04 (1990)). Further, a court may not "enjoin a violation that is not continuing." *Stanley v. St. Croix Basic Serv.*, 291 F. Supp. 2d 379, 381 (D.V.I. October 23, 2003). Finally, a Plaintiff must demonstrate that "irreparable injury would result if relief were denied." *Morton v. Beyer*, 822 F.2d 364, 371 (3d Cir. 1987).

Here, the Court may not issue a preliminary injunction because it would do nothing to preserve the status quo between the parties pending final determination and George

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 18

cannot show irreparable injury. With or without an injunction George will likely remain a level three inmate in a level four prison until the final resolution of his action. Also, the relief George seeks in his injunction is the relief he seeks in his suit. Granting the injunction would be tantamount to a final determination on the merits. Therefore, the Court will recommend that George's request for a preliminary injunction be denied.

**13. Plaintiff's Motion for Default Judgment**

In his motion for default judgment, George moves the court to enter a judgment in his favor because "Defendants have simply failed to answer or otherwise defend" Plaintiff's Complaint. (ECF No. 24) at 3. In his pleadings, George has not applied for an entry of default, the first step in proceeding toward a default judgment. Rather, he filed a motion for a judgment of default with an award of damages. The first step, entry of default, is proper when a party, after being served with process, fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). The record shows that Defendant Dewese was served on September 23, 2013 and filed a motion to dismiss on March 7, 2014. The record also shows that Defendant Mullgrav was served on May 4, 2016 and Defendants Dewese and Mullgrav filed a motion to dismiss on November 21, 2016. Defendants have not been timely, nonetheless, they have responded to the action. Therefore, even if the Court decided to construe George's pleading as an application for entry of default, he would not prevail. Accordingly, the Court will recommend that George's motion for default judgment be denied.

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 19

**14. Plaintiff's Request for Punitive Damages**

To qualify for punitive damages, a Plaintiff in a § 1983 action must show that the defendant's conduct was "reckless or callous. Punitive damages might also be allowed if the conduct is intentional or motivated by evil motive, but the defendant's action need not necessarily meet this higher standard." *Savarese v. Agriss*, 883 F.2d 1194, 1024 (3d Cir. 1989); see also *Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003). The Court finds no evidence of recklessness or callousness in the record and will recommend the request for punitive damages be denied.

**15. Recommendations**

Based upon the foregoing, it is now hereby **RECOMMENDED** that

1. Defendant Shelly Dewese's Motion to Dismiss (ECF No. 9) be GRANTED in part and DENIED in part;

2. Plaintiff's Motion for Summary Judgment (ECF No. 13) be DENIED;

3. Plaintiff's Motion for Preliminary Injunction (ECF No. 14) be DENIED;

4. Plaintiff's Motion for Default Judgment (ECF No. 24) be DENIED;

5. Defendants' Motion to Dismiss (ECF No. 25) be GRANTED in part and DENIED in part;

6. All claims against Defendant Mildred Trotter be DISMISSED;

7. Plaintiff's cause of action alleging denied access to the courts against Shelly Dewese in her official capacity be DISMISSED;

*George v. Mullgrav*
1:13-cv-00047
Report and Recommendation
Page 20

8. Plaintiff's cause of action alleging denied access to the courts against Shelly Dewese in her personal capacity for injunctive and monetary relief PROCEED;

9. Plaintiff's cause of action alleging equal protection and contract clause claims against Shelly Dewese in her official capacity and her personal capacity be DISMISSED;

10. Plaintiff's cause of action alleging denied access to the courts against Rick Mullgrav in his official capacity and in his personal capacity be DISMISSED;

11. Plaintiff's cause of action alleging equal protection and contract clause claims against Rick Mullgrav in his official capacity for injunctive relief and in his personal capacity for injunctive and monetary relief PROCEED;

12. Plaintiff's request for punitive damages be DENIED;

13. Plaintiff be granted additional time to serve the Governor of the Virgin Islands.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: March 15, 2018        /s/ George W. Cannon, Jr.
                             GEORGE W. CANNON, JR.
                             MAGISTRATE JUDGE