IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ELISTON F. GEORGE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Case No. 2013-0047 <br> ) |
| RICK MULLGRAV, Director of the Virgin Islands Bureau of Corrections; and SHELLY DEWESE, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**Appearances:**
**Eliston George,** *Pro Se*
Oakwood, VA

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

### MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Objection (Dkt. No 35) filed by Plaintiff Eliston F. George ("Plaintiff") in response to Magistrate Judge George W. Cannon Jr.'s Amended Report and Recommendation ("R&R"). The R&R recommends that Defendants' Motion to Dismiss be granted in part and denied in part, and that various motions filed by Plaintiff be denied. (Dkt. No. 32). For the following reasons, the Court will adopt the Magistrate Judge's Report and Recommendation in part, as modified herein, and reject it in part.

##   I.   BACKGROUND

In September 1978, Plaintiff was convicted in the District Court of the Virgin Islands of murder in the first degree and possession of a deadly weapon during the commission of a crime of violence. He was sentenced to life in prison. (Dkt. No. 26-1); *see also George v. Wilson*, Case No. 3:2014-0067, Dkt. No. 2 at 1. Plaintiff's arguments on appeal were rejected by the Third Circuit and various petitions under 28 U.S.C. § 2255 and other post-conviction remedies have been rejected by this Court. *George v. Wilson*, Case No. 3:2014-0067, Dkt. No. 2 at 1-3.

At some unspecified point, Plaintiff was transferred to the Keen Mountain Correctional Facility ("Keen Mountain") in the Commonwealth of Virginia pursuant to a Correctional Services Contract executed by government officials of the Virgin Islands and the Commonwealth under the Interstate Corrections Compact for the Incarceration of Felons.[1]

In April 2013, Plaintiff filed the Complaint in the present action against Julius Wilson, Basil Richards, and Shelley Dewese, officials of the Virgin Islands Bureau of Corrections ("VIBOC")—in their official and individual capacities—seeking monetary damages and injunctive relief for claims under 42 U.S.C. § 1983. (Dkt. No. 1 at 15-16). Plaintiff's Complaint sets out two claims. First, Plaintiff alleges that the VIBOC is interfering with the Virginia Department of Corrections' ("VDOC") ability to transfer him to a severity level 3 prison, contrary to the terms of the Correctional Services Contract, thereby violating the Compact Clause of the U.S. Constitution and his right to Equal Protection of the law. ("Compact Clause Claim").

---

[1] In 2001, the Governors of the Virgin Islands and the Commonwealth of Virginia entered into an Interstate Corrections Compact for the Incarceration of Felons. (Dkt. No. 26-3). At about the same time, the Virgin Islands Department of Justice ("VIDOJ") and the Virginia Department of Corrections ("VDOC") entered into a Correctional Services Contract in which the VDOC agreed to take custody of fifteen VIDOJ inmates and provide them with confinement services, housing, clothing, education and ordinary medical and mental health care "on the same basis as a similarly situated inmates of the VDOC." (Dkt. No. 26-3 at 3).

Plaintiff's claim is based on an alleged response he received from the VDOC to a grievance requesting such a transfer in which the VDOC reportedly stated that the VIBOC would not agree for him to be transferred to another prison. *Id*. at 3-4.

Second, Plaintiff also alleges that the VIBOC has deprived him of his right of access to the courts. Plaintiff asserts that the VIBOC has failed to provide basic Virgin Islands legal resources to the Keen Mountain's library despite repeated requests for such materials. Plaintiff asserts that the VIBOC's failure to provide these legal materials prevents him from enforcing rights under Virgin Islands legal authorities in pursuing claims for appropriate medical treatment while incarcerated in Virginia. ("Access to Courts Claim"). *Id. at* 3, 6-10.

The Magistrate Judge granted Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. No. 3) and directed that the Complaint be served on the named Defendants. (Dkt. No. 6). Service was achieved only on Shelly Dewese ("Dewese"). (Dkt. No. 7). Thereafter, Dewese filed a "Motion to Dismiss" asserting that Plaintiff's Complaint should be dismissed due to improper service of process, mootness, failure to state a claim, sovereign immunity, and qualified immunity. (Dkt. No. 9).

Plaintiff subsequently obtained permission from the Court to supplement his pleadings. (Dkt. Nos. 15, 16). The Supplemental Pleading names Dewese, VIBOC Director Rick Mullgrav ("Mullgrav") and Warden Mildred Trotter ("Trotter") as Defendants. However, the United States Marshal was able to achieve service only on Mullgrav. (Dkt. Nos. 15, 20, 22). Plaintiff subsequently filed a "Motion for Summary Judgment" (Dkt. No. 13), a "Motion for Preliminary Injunction" (Dkt. No. 14), and a "Motion for Default Judgment" (Dkt. No. 24).

Thereafter, Defendants Dewese and Mullgrav filed another "Motion to Dismiss" reasserting the same arguments and defenses previously asserted by Dewese. (Dkt. Nos. 25-26).

3

Specifically, Mullgrav and Dewese assert that: (1) Plaintiff failed to properly serve them in their official capacity by failing to serve the Governor of the Virgin Islands; (2) Plaintiff's Access to Courts Claim was moot because the Virgin Islands materials were ultimately provided to Keen Mountain; (3) Plaintiff's transfer to Keen Mountain did not violate any federal or statutory provisions;[2] (4) Defendants could not be sued in their official capacities under Section 1983; (5) Plaintiff failed to sufficiently allege personal involvement by Defendants; (6) the claims were barred by qualified immunity; and (6) the facts pleaded were insufficient to support a claim for punitive damages. (Dkt. No. 26 at 4-27).

This Court referred the pending motions to Magistrate Judge George W. Cannon Jr. for a Report and Recommendation. (Dkt. No. 29). Subsequently, the Magistrate Judge filed an Amended Report and Recommendation. (Dkt. No. 32).[3] In summary, the Magistrate Judge recommends that Plaintiff's claims against Mildred Trotter, in both her individual and official capacities, be dismissed; that the Access to Courts Claim against Defendants Mullgrav and Dewese in their official capacities be dismissed; that the Access to Courts Claim against Mullgrav in his individual capacity be dismissed; and that the Access to Courts Claim against Dewese in her individual capacity be allowed to proceed. *Id.* at 8-12. In addition, the Magistrate Judge recommends that Plaintiff's Compact Clause Claim be dismissed as to Dewese in her official and individual capacities, but that the Court deny the Motion to Dismiss that claim against Mullgrav in his official

---

[2] Defendants misconstrue Plaintiff's Complaint, which does not appear to object to his transfer to Keen Mountain, but instead objects to Defendants' alleged interference with his requested transfer from Keen Mountain to another Virginia prison facility. Therefore, Defendants' arguments regarding Plaintiff's transfer to Keen Mountain appear misplaced.

[3] The Magistrate Judge struck his own initial Report and Recommendation (Dkt. No. 30) after determining that the final paragraph had been inadvertently omitted. (Dkt. No. 31). The Amended R&R was filed the same day. (Dkt. No. 32).

4

and individual capacities. *Id.* at 12-13. In short, with respect to these claims, the Magistrate Judge recommends that all claims be dismissed except the Access to Courts Claim against Dewese in her individual capacity and the Compact Clause Claim against Mullgrav in his official and individual capacities.

Further, the Magistrate Judge recommends that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 14) on his Compact Clause Claim be denied because such a remedy would not preserve the status quo and because Plaintiff failed to establish irreparable injury. (Dkt. No. 32 at 16-17.) Finally, the Magistrate Judge recommends that the Court dismiss Plaintiff's claim for punitive damages, reasoning that Plaintiff's allegations are insufficient to support a claim that Defendants' conduct was "reckless or callous." *Id.* at 19.

As to other defenses raised in the Motion to Dismiss, the Magistrate Judge acknowledges Defendants' assertions that any action brought against a territorial official acting in his or her official capacity requires that process be served on the Governor of the Virgin Islands. (Dkt. No. 10 at 3-5). The Magistrate Judge recommends, however, that Plaintiff be given an extension of time to make such service on the Governor. (Dkt. No. 32 at 13-14). Additionally, the Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment (Dkt. No. 13) be denied on the grounds that Plaintiff's "motion" was more appropriately treated as a response to Defendants' Motion to Dismiss, and that summary judgment was not appropriate at the current stage of the proceedings. (Dkt. No. 32 at 16). Finally, the Magistrate Judge recommends that Plaintiff's Motion for Default Judgment (Dkt. No. 24) be denied because Plaintiff never sought entry of default from the Clerk and the only two Defendants served with process have filed responsive pleadings. (Dkt. No. 32 at 18).

Plaintiff timely filed an Objection to portions of the R&R, challenging the Magistrate Judge's recommendations that his claims for a preliminary injunction and for punitive damages be dismissed. (Dkt. No. 35). Defendants filed no objections to the R&R.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.    Review of Magistrate Judge's R&R

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *King v. Mulgrave*, 2020 WL 2748482, at *2 (D.V.I. May 27, 2020).

Where the parties fail to timely object to a Magistrate Judge's R&R or any portion thereof, there is no statutory requirement that the district court review the R&R before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); 28 U.S.C. § 636(b)(1)(C) (a district court judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added). Notwithstanding *Thomas*, the Third Circuit has determined that the "better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report" even in the absence of an objection. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The Third Circuit has concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *E.E.O.C. v. City of Long Beach*, 866 F.3d 93, 100 (3d Cir. 2017). This entails determining whether

the R&R contains any "clear" or "obvious" error affecting Plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (to constitute "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

### B. Mandatory Injunction Standards

Plaintiff objected to the Magistrate Judge's R&R that Plaintiff's request for a preliminary injunction should be denied. Generally, a "preliminary injunction is an extraordinary remedy granted in limited circumstances." *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017) (citation omitted). "'Those seeking one must establish that (A) they are likely to succeed on the merits of their claims, (B) they are likely to suffer irreparable harm without relief, (C) the balance of harms favors them, and (D) relief is in the public interest.'" *Thomas v. Blocker*, 799 F. App'x 131, 133 (3d Cir. 2020) (citation omitted). The first two factors are the "most critical," and "[i]f these gateway factors are met, a court then considers the remaining two factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

Ordinarily, a preliminary injunction is designed to preserve the status quo during the interim period before resolution of the merits of a complaint. *Parkell v. Senato*, 639 F. App'x 115, 116 (3d Cir. 2016). The Court has the authority to issue a "mandatory injunction"—effectively altering the status quo—only when the moving party meets "'a particularly heavy burden in demonstrating its necessity.'" *Lane v. New Jersey*, 725 F. App'x 185, 187 (3d Cir. 2018) (citation omitted); *see also Communist Party of Ind. v. Whitcomb*, 409 U.S. 1235, 1235 (1972) (a mandatory injunction is an "extraordinary remedy [to] be employed only in the most unusual case"); *Hope v. Warden York County Prison*, 972 F.3d 310, 320 (3d Cir. 2020) (plaintiffs seeking mandatory injunction requiring their release from detention bore a particularly heavy burden of showing substantial likelihood of success and that their "right to relief [is] indisputably clear.").

7

### C. Punitive Damage Standards

To be entitled to punitive damages under Section 1983, a plaintiff must allege sufficient facts to state a plausible claim that Defendants "knowingly and unreasonably disregarded an objectively intolerable risk of harm" *E. D. v. Sharkey*, 928 F.3d 299, 309 (3d Cir. 2019) (section 1983 action alleging Fourth Amendment violation). Similarly, punitive damages are appropriate in Section 1983 actions when a "'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Carroll v. Clifford Township*, 625 F. App'x 43, 46 (3d Cir. 2015) (section 1983 action claiming violation of plaintiff's First Amendment rights).

### III. DISCUSSION

In his objections to the R&R, Plaintiff raises three specific points. First, he asserts that the Magistrate Judge erred in finding that a preliminary injunction seeking a prison transfer was not warranted pending final determination of the merits of his Complaint. Plaintiff contends that the privileges permitted to inmates in Virginia's severity level 3 prison facilities are significantly better than his current environment and compels the conclusion that the VIBOC's alleged interference with his transfer causes "irreparable injury" to him. (Dkt. No. 35 at 2).

Second, Plaintiff argues that the Magistrate Judge erred in recommending that his claim for punitive damages be dismissed because his allegations establish a plausible claim for deliberate and reckless disregard for his right to be treated equally in seeking placement in a severity level 3 facility in Virginia. *Id*. at 2-3. He also asserts that his allegations are sufficient to establish a plausible claim for deliberate and reckless disregard for his rights based on Defendants' failure to provide updated Virgin Islands legal materials to his Virginia prison. *Id.* at 5.

A.     **Mandatory Injunction**

In determining whether the Magistrate Judge erred in recommending the denial of Plaintiff's request for a preliminary injunction for a prison transfer, the Court must review the Magistrate Judge's decision *de novo*. The Magistrate Judge's R&R focuses on the fact that the requested preliminary injunction would not preserve the status quo, and that Plaintiff could not establish "irreparable injury." (Dkt. No. 32 at 17-18.) The Court agrees with the Magistrate Judge's decision.

In his Complaint, Plaintiff requests injunctive relief requiring Defendants to "[t]ransfer [P]laintiff to any level (3) institution." (Dkt. No. 1 at 15). The language of Plaintiff's request for injunctive relief in his Motion for Preliminary Injunction varies slightly by asking that Defendants be enjoined from "[d]enying [P]laintiff a transfer to a security level (3) institution." (Dkt. No. 14 at 1). Regardless of the language used, the essence of the request is that it seeks to alter the status quo by transferring Plaintiff to another institution, and therefore, would constitute a mandatory injunction.

As noted above, the gateway factors to obtaining a preliminary injunction requires a showing of likelihood of success on the merits and irreparable harm. Neither factor is met here. First, to show a likelihood of success on the merits, Plaintiff must overcome the difficult hurdle of establishing a right to seek Section 1983 relief under the Compact Clause. *See, e.g. Doe v. Pennsylvania Bd. of Probation & Parole*, 513 F.3d 95, 104-07 (3d Cir. 2008) (finding parolees lacked enforceable rights under 42 U.S.C. § 1983 to seek relief under Interstate Compact, and that Plaintiff was not a third-party beneficiary under state or federal law based upon the terms of the Compact); *cf. Halpin v. Simmons*, 33 F. App'x 961, 964-65 (10th Cir. 2002) (finding inmate had no federal statutory rights under the Compact Clause based on interstate compact for prisoner

housing). Equally daunting is Plaintiff's ability to get past the rational basis test to support an Equal Protection claim. *See Doe*, 513 F.3d at 107-08. In neither instance is Plaintiff able to show a "*significantly better* than negligible chance" to prevail on the merits, *Reilly*, 858 F.3d at 179, let alone that his "right to relief is indisputably clear," *Hope*, 972 F.3d at 320.

To satisfy the second factor, a plaintiff must show irreparable harm that is "imminent" rather than "remote or speculative." *Par Pharmaceutical, Inc. v. QuVa Pharma, Inc.*, 764 F. App'x 273, 279 (3d Cir. 2019); *see also Eads v. Federal Bureau of Prisons*, 2021 WL 567988, at *2 (D.N.J. Feb. 16, 2021) (plaintiff must show immediate irreparable harm). A request for mandatory injunctive relief in the context of prison incarceration—such as a demand to be moved to another correctional institution— must be viewed with exacting scrutiny and extreme caution. *Williams v. Lee*, 2019 WL 2285776, at *3 (W.D. Pa. May 29, 2019).

In this case, Plaintiff has failed to carry the heavy burden of establishing irreparable harm without the mandatory injunction in that he has failed to show that actual, non-speculative irreparable harm will occur if he is not promptly transferred. Plaintiff alleges generally that the programs available at Virginia's security level 3 facilities are different from the programs at Keen Mountain. (Dkt. No. 1 at 13-14). Plaintiff's submissions, however, fail to establish how the differences that may exist between these facilities rise to a level sufficient to show that he would suffer irreparable harm if he was not transferred immediately. (Dkt. Nos. 1, 14).

In short, Plaintiff has failed to show a likelihood of success or the type of irreparable harm that warrants the "extraordinary remedy" of a mandatory injunction that is generally permitted "only in the most unusual case." *Communist Party of Ind.,* 409 U.S. at 1235. Accordingly, the Court will adopt the Magistrate Judge's R&R and deny the Motion for Preliminary Injunction.

### B. Punitive Damages

Plaintiff also objects to the Magistrate Judge's R&R to the extent it recommends dismissal of his claims for punitive damages against Defendants in their individual capacities. (Dkt. No. 25 at 2). While Plaintiff has alleged that Defendants unreasonably delayed in providing proper legal materials to Keen Mountain and has alleged actions by VIBOC in limiting his potential for transfer to another Virginia prison, the Magistrate Judge found that Plaintiff's allegations fall short of showing that Defendants acted "knowingly and unreasonably" and "disregarded an objectively intolerable risk of harm." *Sharkey*, 928 F.3d at 309. (Dkt. No. 32 at 19). The Court declines to dismiss Plaintiff's punitive damages claims at this time.

The Magistrate Judge has determined that Plaintiff's claims against Defendant Mullgrav under the Compact Clause and Defendant Dewese under the Access to Courts Claim are sufficient to survive the Motion to Dismiss. *Id.* at 11-13. He also determined that at this stage of the proceeding, Defendants had not established they were entitled to qualified immunity. *Id.* Based on the allegations in the Complaint, the Court cannot find that the allegations are insufficient to state a plausible claim that Defendants' alleged actions rose to the level of a knowing and unreasonable disregard of Plaintiff's rights. A punitive damages inquiry "requires an assessment of the defendant's state of mind." Considering the fact-intensive nature of such an inquiry, it is appropriate for the Court to defer punitive damages questions until after further factual development. *See Sonsini v. Lebanon County*, 2021 WL 602734, at *24 (M.D. Pa. Feb. 16, 2021).

For these reasons, the Court will sustain Plaintiff's Objection to this portion of the Magistrate Judge's ruling and allow the relief of punitive damages to remain available on the claims against Mullgrav and Dewese in their individual capacities.

### C. Dismissal of Other Claims

Plaintiff's Objection raised no issues regarding the Magistrate Judge's recommendations to dismiss all claims against Defendant Trotter, who was never served with process. He also raises no challenge to the recommendation to dismiss all claims against Defendant Dewese, except the denial of Access to Courts Claim against her in her individual capacity. Nor does Plaintiff object to the Magistrate Judge's recommendation to dismiss all of the Compact Clause Claims except those asserted against Defendant Mullgrav in his official and individual capacities. Likewise, Defendants did not object to the Magistrate Judge's ruling permitting two claims against Dewese and Mullgrav to proceed.

Because of the lack of a specific objection by the parties, this Court must review these portions of the R&R for plain error. *E.E.O.C. v. City of Long Beach*, 866 F.3d at 100. In applying the plain error standard, the Court must determine whether the R&R contains any "clear" or "obvious" error affecting Plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993).

Based on the Court's review, the Magistrate Judge appropriately considered the allegations of Plaintiff's Complaint under 42 U.S.C. § 1983 and other applicable legal principles. The Magistrate Judge evaluated each of Plaintiff's claims and correctly identified and applied the legal standards applicable to those claims. The Magistrate Judge appropriately determined the claims for which Plaintiff alleged sufficient facts to survive a motion to dismiss under Rule 12(b)(6). Accordingly, the Court finds that no plain error occurred in the unchallenged portions of the R&R.

### IV. CONCLUSION

For the reasons, set forth above, the Court overrules Plaintiff's Objection to the Magistrate Judge's R&R in part and sustains the Objection in part. Specifically, the Court adopts the

Magistrate Judge's R&R except for his recommendation as to punitive damages. Plaintiff shall have 45 days from his receipt of this Court's Order to complete service on the Governor of the Virgin Islands as required to pursue claims against Defendants in their official capacities.

An appropriate Order accompanies this Memorandum Opinion.

Date: April 9, 2021                              _____/s/_____
                                                 WILMA A. LEWIS
                                                 Chief Judge